IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT L. STEVENSON**                                                                    **PETITIONER**

v.                                                                                          No. 4:05CV119-D-B

**STATE OF MISSISSIPPI, ET AL.**                                                           **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the June 1, 2005, *pro se* petition of Robert L. Stevenson, for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] The petitioner claims that he was arrested based upon hearsay and that he is currently incarcerated because police officers "planted" drugs in his vehicle. The petitioner acknowledges that he has not exhausted all remedies available to him at the state level.

### Exhaustion

Because the petitioner has filed this action before he was tried, the relief he seeks must be available to him under the AEDPA. The applicable provision is found in 28 U.S.C. § 2241(c):

> (c)  The writ of habeas corpus shall not extend to a prisoner unless –
>   (1)  He is in custody in violation of the Constitution of laws or treaties of the United States; . . . .

The petitioner clearly satisfies the "in custody" requirement. The next question, then, is whether, as a pretrial detainee, the petitioner may proceed in this court under § 2241 without exhausting

---

[1] Although petitioner does not specifically invoke § 2241, this is the only available avenue for obtaining habeas corpus relief as § 2254, the section which allows a prisoner to seek relief from state convictions or sentences, "applies only to post-trial situations and affords relief [only] to a petitioner 'in custody pursuant to the judgment of a state court.'"*Tinsley v. Cockrell*, 2002 WL 31495984. *2 (N.D. Tex) (quoting *Dickerson v. Louisiana* 816 F.2d 220, 224 (5th Cir. 1987)). Section 2241, on the other hand, "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d at 224.

available state remedies. Unlike § 2254, which requires exhaustion before a convicted prisoner may seek post-conviction relief in federal court, § 2241 does not on its face require exhaustion. Courts have, however, uniformly held that federal courts should abstain from hearing such actions until the appropriate state court is given an opportunity to rectify the problem. *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, (1973); *Dickerson v. Louisiana*, 816 F.2d at 225; Stevens *v. Sheriff of El Paso County, Colorado*, 2001 WL 867390, *1, 15 Fed.Appx. 740, 742 (10th Cir. 2001); *Dean v. State of W. Va.*, 866 F.2d 1415, 1415+ (4th Cir.1989); *Atkins, v. Michigan*, 644 F.2d 543, 546 (6th Cir.), *cert. denied*, 452 U.S. 964 (1981).

The petitioner has not sought relief in the circuit court – or prosecuted a direct appeal, petition for mandamus, or other collateral relief, in any other state court. The petitioner has taken no steps to invoke the aid of Mississippi's state courts on his claims. As such, his petition in this court shall be denied for failure to exhaust. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of July, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE